# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESENCIO BARRAZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN AGENTS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-01924-AWI-MJS PC<br><br>**ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS**<br><br>(ECF No. 1) |

　　　　On November 25, 2013, a civil complaint bearing the name of Cresencio Barraza ("Plaintiff") was received and filed.[1] The complaint is unsigned and it sets forth no intelligible claim for relief. The Court can not consider unsigned filings and therefore, the complaint shall be stricken from the record. Plaintiff has thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[2] Plaintiff must also

---

[1] The complaint arrived in an envelope with six other complaints, all with different plaintiffs. The envelope bore the name of Young Yil Jo, who is also at the Etowah County Jail. Mr. Jo's abusive litigation tactics are well known in this district.  Based on Mr. Jo's filing history and the lack of a signature on the complaint, the Court can not determine whether or not Mr. Barraza authorized the filing of this action.

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint is stricken from the record for lack of signature,
2. The Clerk's Office shall send Plaintiff a <u>Bivens</u> complaint form and an application to proceed in forma pauperis,
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action, and
4. **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   December 1, 2013          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

2