1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10

CRESENCIO BARRAZA,                                     Case No. 1:13-cv-01924-AWI-MJS PC

11                    Plaintiff,

12          v.                                         **ORDER STRIKING COMPLAINT AND
                                                       REQUIRING PLAINTIFF TO FILE
13   SIX UNKNOWN AGENTS, et al.,                       SIGNED COMPLAINT AND EITHER
                                                       FILE APPLICATION TO PROCEED IN
14                    Defendants.                      FORMA PAUPERIS OR PAY FILING
                                                       FEE WITHIN THIRTY DAYS**
15
                                                   /   (ECF No. 1)
16
17          On November 25, 2013, a civil complaint bearing the name of Cresencio Barraza

18   ("Plaintiff") was received and filed.[1] The complaint is unsigned and it sets forth no

19   intelligible claim for relief. The Court can not consider unsigned filings and therefore, the

20   complaint shall be stricken from the record. Plaintiff has thirty days to file a signed

21   complaint that complies with Federal Rule of Civil Procedure 8(a).[2] Plaintiff must also

_____

22   [1] The complaint arrived in an envelope with six other complaints, all with different plaintiffs. The envelope
     bore the name of Young Yil Jo, who is also at the Etowah County Jail. Mr. Jo's abusive litigation tactics are
23   well known in this district.  Based on Mr. Jo's filing history and the lack of a signature on the complaint, the
     Court can not determine whether or not Mr. Barraza authorized the filing of this action.
24   [2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to
     relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals
25   of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v.
     Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a
26   plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
     Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set
27   forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S.
     Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
28   this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint is stricken from the record for lack of signature,

2. The Clerk's Office shall send Plaintiff a <u>Bivens</u> complaint form and an application to proceed in forma pauperis,

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action, and

4. **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   December 1, 2013              /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE