# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESENCIO BARRAZA,<br><br>Plaintiff,<br><br>v.<br><br>SIX UNKNOWN AGENTS, et al.,<br><br>Defendants. | Case No.  1:13-cv-01924-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 2)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

On November 25, 2013, a civil complaint bearing the name of Cresencio Barraza ("Plaintiff") was received and filed.[1] The complaint was ordered stricken from the record because it was unsigned and stated no intelligible claim for relief. (ECF No. 2.) Plaintiff was ordered, by not later than January 6, 2014, to file a signed complaint and either file

---

[1] The complaint arrived in an envelope with six other complaints, all with different plaintiffs. The envelope bore the name of Young Yil Jo, who is also at the Etowah County Jail. Mr. Jo's abusive litigation tactics are well known in this district. Based on Mr. Jo's filing history and the lack of a signature on the complaint, the undersigned can not determine whether or not Mr. Barraza authorized the filing of this action. Mr. Jo is not an attorney and he is precluded from filing cases on the behalf of anyone but himself. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

1

a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action. (Id.) Plaintiff was warned that failure to comply with the order would result in dismissal of the action. (Id.)

The order striking the complaint, served by mail upon Plaintiff at his address of record, was returned on December 23, 2013 as undeliverable (refused). The January 6, 2014 deadline passed without Plaintiff responding to the order.

Service of the order at Plaintiff's address of record is fully effective. Local Rule 182(f). Plaintiff has failed to comply with the order, and has failed to prosecute this action. His refusal of Court mail reasonably suggests he has no interest in proceeding with this action.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several

factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to prosecute. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on his refusal of Court mail, no lesser sanction is feasible.

Having balanced these factors, the undersigned finds they weigh in favor of dismissal and accordingly HEREBY RECOMMENDS that this action be dismissed without prejudice based on Plaintiff's failure to obey the Court's order and failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153,

1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 22, 2014      /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

4